# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DERRICK HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV2368 HEA |
| | ) |
| FIDELITY NATIONAL TITLE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Court to Enter Scheduling Order and Motion to Appoint Counsel [ECF No. 48]. The motion will be denied.

*Motion to Compel Court to Enter Scheduling Order*

Plaintiff's filed this Motion on January 23, 2012. On January 24, 2012, the Court issued a Case Management Order [ECF No. 51]. As such, Plaintiff's Motion to Compel Court to Enter Scheduling Order is moot.

*Motion to Appoint Counsel*

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors,

including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Court to Enter Scheduling Order and Motion for Appointment of Counsel [ECF No. 48] is **DENIED**.

Dated this 14th day of August, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE