UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DERRICK HOWARD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV2368 HEA |
| | ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment. [Doc. No. 80]. Plaintiff has filed a response in opposition to the motion. [Doc. No. 121]. Defendant has filed a Reply. [Doc. No. 127]. For the reasons set forth below, the Motion is granted.

### Introduction

Plaintiff, who is proceeding *pro se* and is currently incarcerated, brought this action seeking damages from Defendant for alleged insurance contract breaches relative to certain pieces of real estate located at 4433 Kossuth, St. Louis, Missouri 63115 and 19015 Old Jamestown Road, Florissant, Missouri, 63034. Plaintiff also seeks a Declaratory Judgment from this Court that he is an insured party. Defendant seeks summary judgment based on its arguments that Plaintiff has engaged in inequitable conduct; that he never paid for and is not covered under any insurance contract; and that, even if he had paid for and received an insurance policy from Defendant, his claims would not be covered.

### Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine dispute of material fact exists. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Hitt v. Harsco Corp.*, 356 F.3d 920, 923 (8th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A dispute of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated standards in mind.

**Discussion**

Plaintiff initiated this action in the District of West Virginia on December 8, 2010. It was transferred to this District on December 20, 2010. Plaintiff filed an Amended Complaint on July

5, 2011, and the Court set a discovery deadline of April 23, 2012. By Order entered on May 8, 2012, the Court continued the discovery deadline to July 27, 2012. Plaintiff has claimed throughout these proceedings that, during his incarceration, he mailed documents and other evidence central to his case to non-party Carolyn Jackson ("Jackson") for "safe keeping." Upon Plaintiff's request, the Court issued a subpoena to Jackson for this evidence, which was returned executed on June 21, 2012.[1]

Defendant filed its Motion for Summary Judgment on October 11, 2012, nearly two years after Plaintiff filed his initial Complaint. Over the course of the next nine months, the Court granted multiple extensions for Plaintiff to respond to Defendant's Motion for Summary Judgment. The extensions were all requested, at least in part, to afford Plaintiff additional time to secure the aforementioned evidence from Jackson. The Court finally granted Defendant's Motion for Summary Judgment on July 22, 2013, finding that Defendant was entitled to judgment as a matter of law because Plaintiff had failed to present any evidence to establish that Plaintiff and Defendant were parties to any insurance contracts on which Plaintiff could base his claims. To the contrary, evidence before the Court—namely, the settlement statements prepared in conjunction with the closings on both properties—clearly confirmed that no owner's title insurance was set or collected.

Thereafter, Plaintiff requested that the Court vacate its entry of Summary Judgment on the grounds that Plaintiff had requested from the Court, but had not received, a new copy of Defendant's Motion for Summary Judgment. Plaintiff further advised the Court that he filed a response to Defendant's Motion for Summary Judgment with the correctional counselor of his prison prior to the date on which the Court granted Defendant's Motion for Summary Judgment,

---

[1] Plaintiff had advised the Court that Jackson was terminally ill and that the evidence would be lost forever when she passed away.

but that the response was never mailed to the Court.[2] Plaintiff therefore requested "an order granting Plaintiff leave to refile his timely and previously filed response to [Defendant's] Motion for Summary Judgment." [Doc. No. 109 at 2]. On April 14, 2014, the Court vacated Judgment and ordered Plaintiff to file his response within thirty days.

After granting Plaintiff's request for an additional sixty days to file a response, Plaintiff filed his Response on June 9, 2014. The only evidentiary support Plaintiff included for his claim that he had paid insurance premiums was his affidavit, in which he asserted his belief that Jackson would testify under oath that she and Sharon Money personally paid the premiums for owner's insurance in cash and received a hand-written receipt.

To date, over four years after Plaintiff initiated this action, and despite ample opportunity, Plaintiff has failed to produce any evidence controverting the fact that the settlement statements prepared in conjunction with the closings on both properties clearly confirm that no owner's title insurance coverage was set or collected. Thus, the facts before the Court establish that Plaintiff did not purchase title insurance from Defendant, and therefore is not entitled to receive owner's title insurance coverage in conjunction with either of the subject properties.

The Court finds that, in viewing the facts in the light most favorable to Plaintiff, Plaintiff has failed to establish that he had valid title insurance such that he is entitled to recovery. Summary Judgment is therefore warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 80] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Subpoenas [Doc. No. 135] is **DENIED**.

---

[2] Plaintiff attached a letter to the Court from the correctional counselor confirming the veracity of these events.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 17th day of March, 2015.

                                              HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE