UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV2368 HEA |
| | ) |
| FIDELITY NATIONAL TITLE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration, which requests relief from the Court's entry of summary judgment in Defendant's favor, pursuant to Rules 56(e) and 60(b) of the Federal Rules of Civil Procedure. [Doc. No. 158]. Prior to moving for consideration, Plaintiff filed a Notice of Appeal, thus divesting this Court of authority to grant Plaintiff's Motion for Reconsideration. [Doc. No. 149]. For the reasons that follow, and pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, the Court now states that Plaintiff's Motion for Reconsideration raises a substantial issue.

### Discussion

Plaintiff, who is proceeding *pro se* and is currently incarcerated, brought this action in December 2010 seeking damages from Defendant for alleged insurance contract breaches relative to certain pieces of real estate located at 4433 Kossuth, St. Louis, Missouri 63115 and 19015 Old Jamestown Road, Florissant, Missouri, 63034. Plaintiff also sought a Declaratory Judgment from this Court that he is an insured party. Plaintiff claimed throughout these proceedings that, during his incarceration, he mailed documents and other evidence central to his case to non-party

Carolyn Jackson ("Jackson") for "safe keeping." Upon Plaintiff's request, the Court issued a subpoena to Jackson for this evidence, which was returned executed on June 21, 2012.[1]

Defendant filed a Motion for Summary Judgment on October 11, 2012, nearly two years after Plaintiff filed his initial Complaint. Over the course of the next nine months, the Court granted multiple extensions for Plaintiff to respond to Defendant's Motion for Summary Judgment. The extensions were all requested, at least in part, to afford Plaintiff additional time to secure the aforementioned evidence from Jackson. The Court finally granted Defendant's Motion for Summary Judgment on July 22, 2013, finding that Defendant was entitled to judgment as a matter of law because Plaintiff had failed to present any evidence to establish that Plaintiff and Defendant were parties to any insurance contracts on which Plaintiff could base his claims. To the contrary, evidence before the Court—namely, the settlement statements prepared in conjunction with the closings on both properties—clearly confirmed that no owner's title insurance was set or collected.

Thereafter, Plaintiff requested that the Court vacate its entry of Summary Judgment on the grounds that Plaintiff had requested from the Court, but had not received, a new copy of Defendant's Motion for Summary Judgment. Plaintiff further advised the Court that he filed a response to Defendant's Motion for Summary Judgment with the correctional counselor of his prison prior to the date on which the Court granted Defendant's Motion for Summary Judgment, but that the response was never mailed to the Court.[2] Plaintiff therefore requested "an order granting Plaintiff leave to refile his timely and previously filed response to [Defendant's] Motion for Summary Judgment." [Doc. No. 109 at 2]. On April 14, 2014, the Court vacated Judgment and ordered Plaintiff to file his response within thirty days.

---

[1] Plaintiff had advised the Court that Jackson was terminally ill and that the evidence would be lost forever when she passed away.

[2] Plaintiff attached a letter to the Court from the correctional counselor confirming the veracity of these events.

After granting Plaintiff's request for an additional sixty days to file a response, Plaintiff filed his Response on June 9, 2014. The only evidentiary support Plaintiff included for his claim that he paid insurance premiums was his affidavit, in which he asserted his belief that Jackson would testify under oath that she and Sharon Money personally paid the premiums for owner's insurance in cash and received hand-written receipts.

On March 17, 2015, over four years after Plaintiff initiated this action, the Court again granted Defendant's Motion for Summary Judgment, finding that Plaintiff had failed to produce any evidence controverting the fact that the settlement statements prepared in conjunction with the closings on both properties clearly confirmed that no owner's title insurance coverage was set or collected.

Plaintiff filed a Notice of Appeal on April 13, 2015, [Doc. No. 149], and the Eighth Circuit Court of Appeals established a briefing schedule on April 28, 2015 [Doc. No. 157]. On May 1, 2015, Plaintiff filed the instant Motion for Reconsideration, providing—for the first time—what he purports to be the above referenced hand-written receipts for his purchase of insurance from Defendant's agent for the property in question.

Given that the sole ground upon which the Court relied in granting summary judgment in Defendant's favor was Plaintiff's failure to create a genuine issue of fact regarding his alleged purchase of title insurance, and the exhibits to Plaintiff's Motion for Reconsideration appear to create such an issue, it now appears that Plaintiff's requested relief from judgment might be appropriate under Rule 60(b)(6) of the Federal Rules of Civil Procedure.[3]

However, because Plaintiff has filed a Notice of Appeal, the Court lacks authority to grant Plaintiff's Motion for reconsideration. *See* Fed. R. Civ. P. 62.1. The Federal Rules of Civil

---

[3] Although Plaintiff's evidence is not "newly discovered," *see* Fed. R. Civ. P. 60(b)(2), and has been submitted long after the relevant deadlines, the Court will consider it, giving that Plaintiff is an incarcerated *pro se* litigant who has made documented efforts throughout the litigation to acquire the evidence. *See* Fed. R. Civ. P. 60(b)(6).

Procedure provide that the Court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* The Court finds that, at the very least, Plaintiff's Motion raises a substantial issue to the very ground upon which the Court based its decision to grant summary judgment.

Therefore, the Court will enter an Order stating that Plaintiff's Motion raises a substantial issue. Rule 62.1 requires Plaintiff to "promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" that the Court entered this Order. The Eighth Circuit may, in its discretion, remand for this Court to address the substantial issue raised by Plaintiff's Motion for Reconsideration. *See* Fed. R. Civ. P. 62.1 advisory notes (2009).

Accordingly,

**IT IS HEREBY ORDERED** that the Court finds that Plaintiff's Motion for Reconsideration [Doc. No. 149] raises a substantial issue.

Dated this 6th day of May, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE