UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV2368 HEA |
| ) | |
| FIDELITY NATIONAL TITLE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike [Doc. No 175] Plaintiff's Motion for Reconsideration [Doc. No. 174]., Currently, Plaintiff has an appeal pending in the Eighth Circuit Court of Appeals, however, the Court retains jurisdiction over the Motion to Reconsider.

"The courts of appeal ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States." *See* 28 U.S.C. § 1291. Generally, "'[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal.'" State *ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1106 (8th Cir.1999). However, "a district court retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending." *Id.* at 1107 n.3.

Under Fed. R.App. P. 4(a)(4)(A), if a party timely files a Rule 59 motion for a new trial or to alter or amend the judgment, the time to file the appeal runs from the entry of the order disposing of such motion. *United States v. Duke,* 50 F.3d 571, 575 (8th Cir.1995); *see Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" (citation to quoted case omitted)).

The Federal Rules of Appellate Procedure also provide:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)-the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R.App. P. 4(a)(1)(B)(i). The notice of appeal effectively lies dormant until the court rules on the pending motion. *See Stebbins v. Stebbins,* 541 Fed. App'x 718, 719 (8th Cir.2013).

On March 17, 2015, the Court granted Defendant's Motion for Summary Judgment. Plaintiff filed a Motion for Reconsideration on April 13, 2015. The Court denied this motion on August 24, 2015 and entered an Opinion, Memorandum and Order which superseded the Court's previous order. Defendant's Motion for Summary Judgment was again granted in the August 24, 2015 Opinion.

Plaintiff filed a Motion for Extension of Time to File another Motion to Reconsider on September 8, 2015. The Court granted the Motion to Extend up to and including October 11, 2015. On October 14, 2015, Plaintiff filed another Motion to Extend the time for filing his second Motion to Reconsider. This Motion is dated October 4, 2015. Because the Motion was delivered to the prison officials within the time for filing his original motion, the Court did not consider the second motion for extension untimely however, the Court denied the motion on January 1, 2016. Because the Court denied the second extension of time to file the Second Motion to reconsider, Defendant's Motion to Strike the Second Motion to Reconsider is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike the Second Motion for Reconsideration, [Doc. No. 175], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, [Doc. No. 174], is stricken from the docket in this matter.

Dated this 4th day of August, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE